UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLIN X ST JOHN SUMMERS,<br><br>Plaintiff(s),<br>v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF WASHINGTON, et al.,<br><br>Defendant(s). | CASE NO. C26-4332-KKE<br><br>ORDER DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff's motion for an *ex parte* temporary restraining order. Dkt. No. 2. For the reasons discussed below, the Court will deny the motion in so far as it seeks *ex parte* relief.

On November 9, 2026, Plaintiff filed a complaint, alleging disability discrimination in violation of various federal and state statutes, against Defendant Swedish Health Services ("Swedish") and Defendants Board of Regents of the University of Washington, Robert J. Jones, Timothy H. Dellit, Victoria Fang, and two unnamed UW Medicine officials (collectively, "UW Defendants"). Dkt. No. 1. On the same day, Plaintiff filed a motion seeking an *ex parte* temporary restraining order ("TRO") against the UW Defendants and a preliminary injunction against Swedish. Dkt. No. 2 at 1–3.

The local rules of this district provide that "[m]otions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely

be granted." Local Rules W.D. Wash. LCR 65(b)(1). Federal Rule of Civil Procedure 65(b)(1) requires that a court may issue an *ex parte* TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A).

Plaintiff has not made the requisite clear showing of injury for an *ex parte* TRO to issue. Plaintiff asserts that his "[l]oss of medically necessary treatment"—in particular, his medication—is irreparable harm. Dkt. No. 2 at 15. However, according to Plaintiff's allegations, the loss of his medically necessary treatment occurred when the UW Defendants and Swedish each refused to provide him treatment beginning in July 2026 and August 2026, respectively. *See* Dkt. No. 1 ¶¶ 2, 28, 41; *see also id.* ¶¶ 31–36. Plaintiff has not alleged that any "immediate and irreparable injury" will occur to him, absent an *ex parte* TRO, in the two days the UW Defendants would otherwise have to respond to his motion. *See* Fed. R. Civ. P. 65(b)(1)(A); LCR 65(a)(5) (providing that the adverse party "must … file its response, if any, within forty-eight hours after the [TRO] motion is served").

Accordingly, the Court DENIES IN PART Plaintiff's motion in so far as it seeks *ex parte* relief. Dkt. No. 2. The Court further ORDERS that Plaintiff shall serve Defendants with the motion, and the Defendants shall respond in accordance with the applicable federal rules and local rules, including LCR 65(a). The Court DEFERS ruling on Plaintiff's motion until after Defendants have received notice and have had an opportunity to respond.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

//

//

//

Dated this 9th day of November, 2026.

Kymberly K. Evanson
United States District Judge